FRANCISCO MARCHÁN SICARDÓ y JOSÉ MARTÍNEZ LLONÍN, demandantes y apelados, *v.* BERNARDO FENÁNDEZ PORRERO, demandado y apelante.

No. 5369.—*Sometido:* Junio 15, 1933. *Resuelto:* Septiembre 29, 1934.

*E. B. Wilcox,* abogado del apelante; *J. Martínez Llonín,* por su propio derecho.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El demandado interpuso esta apelación contra la sentencia que declara que son bienes gananciales de su sociedad conyugal los que adquirió durante su matrimonio.

Muerta Rosalía Martínez Llonín, José Martínez Llonín como único heredero testamentario de ella y Francisco Marchán Sicardó como su albacea testamentario, establecieron este pleito contra Bernardo Fernández Porrero alegando que el demandado y Rosalía Martínez Llonín contrajeron matrimonio católico en el pueblo de Peñamellas de la provincia de Oviedo en España el día 23 de noviembre de 1880 y que allí vivieron juntos los cónyuges hasta que en el año 1887 el marido vino a Puerto Rico, quedándose la esposa en España, sin que durante este tiempo adquiriesen los consortes bienes de clase alguna y sin que los aportaran a su matrimonio; que en 1905 la esposa vino a esta isla y fué a la casa de su marido en Río Piedras donde ambos vivieron hasta que ella murió en 1927, o sea, durante veintidós años; que el demandado adquirió bienes por título oneroso en Puerto Rico en los que niega participación al heredero de su esposa por entender que no son bienes gananciales sino privativos suyos.

El demandado aceptó en su contestación a la demanda que todos esos hechos son ciertos, pero alegó que su esposa no quiso venir con él a esta isla sin tener motivos justificados para su negativa, en la que insistió después a pesar de las cartas que le escribió para que viniese a su lado; que en 1905 ella llegó a esta isla sin avisarle a su marido y fué a parar a la casa de su hermano, el demandante, en Río Piedras, de la que se trasladó a la del demandado sin haber mediado reconciliación entre ellos y donde se quedó por no dar el demandado un escándalo público ni tener un encuentro personal con el hermano de ella, que es ahora demandante; que durante todos los años que su esposa estuvo en

Río Piedras en la casa del demandado vivió como si fuera una huéspeda y se negó a tener relaciones sexuales con el demandado; que si bien es cierto que ella intervino con el demandado en algún documento público para la venta de finca esto fué debido a exigencia de los compradores, y que por ello tuvo que pagar dinero a su esposa; y que por estos hechos los bienes que ha adquirido en esta isla tienen el carácter de ser privativos suyos, en los que no corresponde participación alguna a su consorte ni a su heredero.

Contra esa contestación adujeron los demandantes como excepción previa que no contiene hechos determinantes de oposición ni de reconvención a la demanda. Sostuvo la corte inferior esa excepción y no habiendo presentado el demandado otra contestación dictó sentencia por las alegaciones, a instancia de los demandantes, declarando con lugar la demanda.

El apelante no niega en este recurso que al contraer su matrimonio quedó constituída entre los consortes, por precepto de la ley, una sociedad por virtud de la cual el marido y la mujer harán suyos de por mitad, al disolverse el matrimonio, las ganancias o beneficios obtenidos indistintamente por cualquiera de ellos durante el mismo matrimonio.

En vista de lo expuesto, la única cuestión que tenemos que resolver es si tomando como ciertos los hechos alegados en la contestación, que se refieren a actos o palabras de la esposa fallecida, constituyen oposición a la demanda. En otras palabras, si por haber estado separados los esposos por algún tiempo y por la negativa de la mujer al débito conyugal durante los veintidós años que vivió aquí en la casa de su marido, ha perdido ella su derecho a participar en los bienes adquiridos por el demandado o, como dice éste, está impedido de obtener su heredero la mitad de los beneficios habidos en el matrimonio al quedar disuelto por la muerte de la mujer.

La ley que creó la sociedad de gananciales entre marido y mujer no estableció excepciones a ella, a pesar de que el

legislador no podía ignorar que existen matrimonios en los cuales los consortes viven separados por muchos años y algunas veces hasta que la muerte de uno de ellos pone término a tal sociedad. Por eso, a falta de disposición de la ley sobre esa materia de excepciones no estamos dispuestos a crearlas nosotros. Ésa es una función del poder legislativo y no del judicial. Tampoco creó excepciones la Corte Suprema de Louisiana cuando al resolver el caso de *Cole's Widow* v. *His Executors,* 18 Am. Dec. 241, declaró con derecho a los gananciales a la mujer que habiendo contraído matrimonio en Nueva York no siguió a su marido a Louisiana donde él ganó dinero y adquirió bienes y de quien estuvo separada por muchos años, hasta que él murió. El apelante cita el caso de *Wheat* v. *Owens,* de Texas, 65 Am. Dec. 164, en el que tratándose de una mujer que estuvo separada de su marido por muchos años, durante los cuales vivió en público adulterio, declaró que independientemente de su vida adúltera, su separación del marido por sí sola le impedía reclamar participación en los bienes que el marido adquirió, aunque no hace cita legal en apoyo de su conclusión. Entre ambas decisiones nos parece más ajustada a la ley la de Louisiana porque no establece por su cuenta excepciones que la ley no ha establecido para la sociedad de gananciales. Además, en el caso que resolvemos, después de una separación de los consortes por algún tiempo, la mujer ha vivido en la casa de su marido por veintidós años, aparentemente como marido y mujer.

*La sentencia apelada debe ser confirmada.*